**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime CARO–GONZALEZ,**
**Defendant–Appellant.**

**No. 05–40404.**

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Jaime Caro–Gonzalez (Caro) appeals following his guilty plea conviction for illegal reentry into the United States. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the Government has not invoked the waiver provisions in the plea agreement, the waiver

does not bind Caro. *See United States v. Story,* 439 F.3d 226, 230–31 (5th Cir.2006).

Caro's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Caro contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Caro properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Because Caro has shown no error in the judgment of the district court, that judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.